**Opinion filed October 7, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00069-CV

_____

## IN THE INTEREST OF D.D.E., A CHILD

**On Appeal from the 118th District Court**
**Martin County, Texas**
**Trial Court Cause No. 7356**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother of D.D.E. after a de novo hearing on termination.[1]  The mother filed this appeal.  On appeal, she presents three issues in which she challenges the legal and factual sufficiency of the evidence to support the trial court's findings.  We affirm the trial court's de novo order of termination.

---

[1]We note that the father's parental rights were terminated in a prior order of termination.

## I. *Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2020). To terminate one's parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (D) and (E). Specifically, the trial court found (1) that Appellant had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being and (2) that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied).

But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

## II. *Evidence Presented at Trial*

The record shows that the Department of Family and Protective Services (the Department) first became involved with Appellant and D.D.E. shortly after D.D.E.'s birth. Due to Appellant's use of cocaine while pregnant, D.D.E. was born addicted to cocaine. D.D.E. was removed at that time but was returned to his parents' care three months later. Appellant, however, continued to use cocaine while D.D.E. was in her care; both she and D.D.E. tested positive for cocaine near the time of the intake in this case, which occurred around the time of D.D.E.'s third birthday. According to the intake allegations, Appellant was not only using cocaine, but was taking D.D.E. with her to purchase it. Appellant acknowledged at trial that she had used cocaine while pregnant, that she had a long history of cocaine use, and that her conduct had endangered D.D.E.

After D.D.E.'s removal, Appellant participated with the Department in the creation of a family service plan. The trial court made the family service plan an

order of the court. Although Appellant complied with many of the provisions of her service plan, she failed to abstain from the use of cocaine—despite having been to rehab more than once. The Department's caseworker testified that Appellant went through the steps of doing her services but did not change her underlying behaviors.

The record shows that D.D.E. has serious behavioral and cognitive issues that are attributable to Appellant's cocaine use. D.D.E.'s behavioral issues include aggression, defiance, and anger. He continues to need specialized care for these issues as well as his developmental and intellectual issues.

When D.D.E. was placed in foster care, he was four years old but could not walk; could not use a fork or spoon; could not dress himself; with the exception of babytalk, did not speak; was not potty-trained very well; and ate his own feces. D.D.E. was dirty and stinky, and his nails were excessively long when he arrived at his foster home. Because of the extra care and the diligent efforts of the foster parents, D.D.E. improved tremendously after being placed in that home.

The Department's plans for D.D.E. were for his biological parents' rights to be terminated and for him to be adopted by his foster parents. The Department's conservatorship caseworker, along with the CASA volunteer that had been appointed as the child's guardian ad litem, believed that it would be in D.D.E.'s best interest for Appellant's parental rights to be terminated. Additionally, D.D.E.'s foster mother testified that she did not believe that it would be in D.D.E.'s best interest to return him to Appellant's care. The foster mother explained that D.D.E. acts out and also "wets himself" before and after visitation with Appellant. And, according to his guardian ad litem, D.D.E. has expressed a desire to stay with his foster parents.

Appellant disagreed with the opinions of the caseworker, the guardian ad litem, and the foster mother; Appellant believed that it would be in D.D.E.'s best interest to return home with her. Appellant testified that she now understands D.D.E.'s needs and realizes that those needs stem from her excessive drug use. She

4

indicated that she is trying to make it right now. She testified that she loved her son and wanted him back and that she had been sober for an extended period of time. We note that the testimony of other witnesses contradicted Appellant's testimony regarding her sobriety date.

III. *Analysis*

*A. Endangering Conduct*

In her first and second issues, Appellant challenges the legal and factual sufficiency of the evidence to prove grounds (D) and (E). We need only address her challenge to the trial court's finding under Section 161.001(b)(1)(E). *See In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law with respect to appellate review of grounds (D) and (E) and holding that an appellate court must provide a detailed analysis if affirming the termination on either of these grounds).

Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 34 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct need not be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Drug use may constitute evidence of endangerment. *Id.* As such, a parent's drug addiction and its effect on the parent's life and ability to parent a child may establish an endangering course of conduct. *In re J.T.G.*, 121 S.W.3d 117, 125–26 (Tex. App.—Fort Worth 2003, no pet.) (citing *Dupree v. Tex. Dep't of*

5

*Protective & Regulatory Servs.*, 907 S.W.2d 81, 84 (Tex. App.—Dallas 1995, no writ)).

Here, based upon evidence of Appellant's use of cocaine while she was pregnant and thereafter while the child was in her care, the child having tested positive for cocaine, and the lifelong detrimental effects that Appellant's cocaine use had on her child, the trial court could have reasonably found by clear and convincing evidence that Appellant had engaged in a course of conduct that endangered her child. Appellant's recent strides toward overcoming her past conduct do not negate her past conduct. *See In re J.F.-G.*, 627 S.W.3d 304, 317 (Tex. 2021). Therefore, we hold that the evidence is legally and factually sufficient to uphold the trial court's finding of termination as to Appellant under subsection (E). Accordingly, we overrule Appellant's second issue. Because only one statutory ground is necessary to support termination and because we have upheld the trial court's finding as to subsection (E), we need not address Appellant's first issue. *See* Fam. § 161.001(b)(1); *N.G.*, 577 S.W.3d at 234–35; *see also* Tex. R. App. P. 47.1.

*B. Best Interest*

In her third issue, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's finding that termination of her parental rights would be in the best interest of D.D.E.

With respect to D.D.E.'s best interest, the evidence, as set forth above, shows that Appellant used cocaine while pregnant and thereafter while D.D.E. was in her care, that she failed to assure that D.D.E.'s needs were met when he was in her care prior to removal, and that she continued to use cocaine after removal while this case was pending. Additionally, D.D.E. has serious behavioral and cognitive issues stemming from Appellant's use of cocaine.

D.D.E. made great strides after being removed from Appellant's care, and D.D.E. wished to remain with his foster parents rather than being returned to

Appellant. Further, the caseworker and the guardian ad litem both testified that it would be in D.D.E.'s best interest to terminate Appellant's parental rights.

In light of the evidence presented at trial and applying the *Holley* factors, we hold that the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in D.D.E.'s best interest. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of those involved, the plans for the child by the Department, Appellant's long history of drug use, and the instability of Appellant's situation, we further hold that the evidence is legally and factually sufficient to support the trial court's finding that termination of Appellant's parental rights is in the best interest of D.D.E. *See id.* We defer to the trial court's findings as to the child's best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the trial court's finding as to best interest is not supported by clear and convincing evidence. Accordingly, we overrule Appellant's third issue.

## IV. *This Court's Ruling*

We affirm the order of the trial court.


W. STACY TROTTER

JUSTICE

October 7, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.